**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NAFISAH WILLIAMS,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **ADVANCED URGENT CARE,** | **NO.  14-6347** |
| **Defendant.** | |

**DuBois, J.**                                                         **February 9, 2017**

**M E M O R A N D U M**

### I.    INTRODUCTION

This is an employment discrimination case.  Plaintiff Nafisah Williams alleged in her Complaint that her former employer, defendant Advanced Urgent Care, violated 42 U.S.C. § 1981 and Pennsylvania state law when it discriminated against her based on her race and retaliated against her for her opposition to the discrimination.  Pursuant to the Order dated February 29, 2016, the Clerk of Court entered a default against defendant for failure to retain counsel.  By Memorandum and Order dated August 25, 2016, the Court entered judgment in favor of plaintiff and against defendant in the amount of $107,904 in back pay, compensatory damages, and punitive damages.

Presently before the Court is defendant's Motion to Vacate Default of March 2, 2016 As Well As Final Amended Default Judgment of September 2, 2016 Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure (Document No. 54, filed Dec. 28, 2016) ("Motion to Vacate").  For the reasons that follow, the Court denies defendant's Motion.

### II.    PROCEDURAL BACKGROUND

On November 5, 2014, plaintiff filed a Complaint asserting claims under 42 U.S.C. § 1981 and Pennsylvania state law against her former employer, defendant Advanced Urgent

Care.  The Complaint alleged that defendant's owner, Dr. Mehdi Nikparvar,[1] used race-based

policies for triaging patients and racial slurs in communicating with staff members, and that

plaintiff suffered discrimination and harassment based on her race and was terminated for

opposing Dr. Nikparvar's practices and discriminatory conduct.  Compl. ¶¶ 1, 52, 58, 65, 69.

Defendant was initially represented by Arsen Kashkashian, Esq., and filed an Answer on

December 31, 2014 (Document No. 4).  Mr. Kashkashian moved to withdraw as counsel on

September 9, 2015, citing Dr. Nikparvar's "fail[ure] to cooperate in the discovery process" and

defendant's discharge of Mr. Kaskkashian as counsel.  Mot. of Counsel for Def. (Document No.

17); Mem. Supp. Mot. of Counsel for Def. ¶¶ 7-13.  The Court held a hearing on the Motion on

November 13, 2015, which Dr. Nikparvar attended.  At the hearing, the Court informed Dr.

Nikparvar that:

> The Motion for Leave to Withdraw sets forth valid grounds for withdrawing as
> counsel. So absent a change of position, and it would have to be the doctor's
> [Nikparvar's] change of position, that Motion will be granted. That leaves
> Advanced Urgent Care without an attorney. As a corporation, it cannot be
> represented by someone who is not an attorney, so the doctor will have to retain
> counsel.

Nov. 13, 2015, Hr'g Tr., at 4:19–25. The Court further stated that:

> I'm going to grant Mr. Kashkashian's Motion for Leave to Withdraw and give
> you 30 days to retain counsel and provide that the attorney must enter his
> appearance within the 30-day period. And if you need more time, you'll write to
> me. You can't just ignore this.

Nov. 13, 2015, Hr'g Tr., at 8:11–16.  The Court granted Mr. Kashkashian's Motion to withdraw

by Order dated November 13, 2015.  That Order required defendant to obtain new counsel within

thirty days and provided that defendant could request an extension of time by writing to the

Court.

---

[1] Dr. Nikparvar is not a party to this case in his individual capacity.

In a letter to the Court dated December 10, 2015 (Document No. 26), Dr. Nikparvar stated that he had been in contact with an attorney, William Weiss, and requested a 30-45 day extension of the time by which to obtain new counsel.  By Order dated December 11, 2015, the Court granted Dr. Nikparvar's request and provided a 45 day extension.

By Order dated February 3, 2016, with no appearance entered on behalf of defendant or further communication from any representative of defendant, the Court *sua sponte* extended the deadline to obtain new counsel and for new counsel to enter an appearance to February 23, 2016. In that Order, the Court noted for the record that "a corporation such as Advanced Urgent Care may not be represented [by] a lay person in federal court and is required to obtain counsel to defend a case."  That Order provided that

> Failure of defendant to comply with this Order will result in the entry of a default against defendant, Advanced Urgent Care, for failure to obtain counsel.  The entry of the default . . . will be followed by the filing of a motion for entry of default judgment which will require the Court to schedule a hearing for the purpose of assessing damages.  At any such hearing the issue for the Court will be the amount of damages, not whether the defendant is liable to plaintiff. Once default is entered liability is deemed established.

Copies of that Order were served on defendant and Dr. Nikparvar.

By Order dated February 29, 2016, again with no appearance entered on behalf of defendant or communication from Dr. Nikparvar or any other representative of the defendant, the Court ordered the Clerk of Court to enter a default against defendant for failure to retain counsel. This was done, and copies of that Order were served on defendant and Dr. Nikparvar.

On March 30, plaintiff filed a Motion for Default Judgment (Document No. 29). In a letter to the Court dated April 4, 2016 (Document No. 31), William J. Weiss, Esq., stated that an employee of defendant asked Mr. Weiss to represent defendant in this case.  Mr. Weiss requested an extension of time to file an answer to the Complaint.  Mr. Weiss did not enter an

appearance on behalf of defendant.  In a letter to Mr. Weiss dated April 5, 2016 (Document No. 32), the Court denied Mr. Weiss's request for an extension of time and informed Mr. Weiss that he "must proceed in accordance with the Federal Rules of Civil Procedure or by agreement of counsel."  This Order also informed Mr. Weiss that the default had been entered by Order dated March 2, 2016, and that a Motion for Default Judgment had been filed.

On April 8, 2016, Donald Moser, Esq., entered an appearance on behalf of defendant.  By Order dated May 4, 2016, the Court extended the deadline for defendant to respond to the Motion for Default Judgment.  By Order dated June 16, 2016, the Court again extended the deadline for defendant to respond to the Motion for Default Judgment because the United States Postal Service could not confirm that the Order dated May 4, 2016, had been served on defendant and Dr. Nikparvar.  The Order dated June 16, 2016, advised that

> In the event defendant fails to comply with this Order, defendant will be precluded from responding to the Motion for Default Judgment at a later date or seeking at a later date to vacate the default against defendant entered by Order dated February 29, 2016.

Copies of this Order, the Order dated May 4, 2016, and the letters between Mr. Weiss and the Court from early April were served on defendant, Dr. Nikparvar, Mr. Weiss, and Mr. Moser. Defendant did not file a response to the Motion for Default Judgment.

By Order dated July 28, 2016, the Court granted plaintiff's Motion for Default Judgment and scheduled a damages hearing for August 9, 2016. That Order directed all counsel and a representative of defendant to appear at the hearing and was served on defendant, Dr. Nikparvar, and all counsel.

On August 9, 2016, the Court held the damages hearing.  Neither Dr. Nikparvar nor any other representative of defendant appeared at the hearing.  Mr. Weiss and Mr. Moser both appeared.  Mr. Weiss informed the Court that he was unable to enter an appearance in this matter

because he had not been reinstated to the federal bar.  Aug. 9, 2016, Hr'g Tr., at 3:20–23; 4:20-5:4.  Mr. Moser informed the Court that he had entered his appearance in order to "pinch hit" for Mr. Weiss, with the hope that "by the time th[e] case came up, [Mr. Weiss] could have a hearing before fellow members of the bench and be readmitted."  Aug. 9, 2016, Hr'g Tr. at 3:23-4:1.  Mr. Moser informed the Court that he had no contact with defendant, Dr. Nikparvar had not responded to letters asking him to contact Mr. Moser and Mr. Weiss, and defendant had not paid any legal fees to Mr Weiss or Mr. Moser.  Aug. 9, 2016, Hr'g Tr. at 4:3-11.  Mr. Moser also advised the Court that he wanted to withdraw his appearance.  Aug. 9, 2016, Hr'g Tr. 5:9-22, 6:23-7:3.  In response, the Court directed him to file a motion for leave to withdraw and serve that motion on defendant.  Aug. 9, 2016, Hr'g Tr. at 7:5–14.  Mr. Moser never filed a motion for leave to withdraw.

After the damages hearing, plaintiff submitted Proposed Findings of Fact and Conclusions of Law, and plaintiff's counsel submitted a Petition for Attorneys' Fees (Documents 42 and 43, filed Aug. 22, 2016).  By Memorandum and Order dated August 25, 2016, the Court entered judgment in favor of plaintiff in the total amount of $107,904, comprised of back pay in the amount of $7,904, compensatory damages in the amount of $50,000, and punitive damages in the amount of $50,000.[2]  The Court also granted plaintiff's counsel's Petition and awarded plaintiff's counsel attorneys' fees in the amount of $18,550.

On December 28, 2016, defendant filed the pending Motion to Vacate, seeking relief under Federal Rule of Civil Procedure 60(b)(1).  In its Motion, defendant argues that the entry of default and default judgment should be vacated because Dr. Nikparvar paid Mr. Weiss $2,000 in late January 2016, and thus Mr. Weiss erred in not entering his appearance by the Court's

---

[2] By Order dated September 1, 2016, the Court vacated its August 25, 2016, Order to correctly name defendant.  The amount of the judgment remained the same.

deadline of February 23, 2016.  Mot. to Vacate ¶ 2; Ex. B.  Plaintiff filed her Response on

January 19, 2017.  Plff. Mem. (Document No. 58).[3]  The Motion is thus ripe for review.

### III.    APPLICABLE LAW

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside a final default

judgment under Rule 60(b)."  Federal Rule of Civil Procedure 60(b) permits vacatur of final

judgment in cases of, *inter alia*, "mistake, inadvertence, surprise or excusable neglect."  To

determine whether a default judgment should be set aside, the Court must consider four factors:

"(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a

*prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or

culpable; and (4) the effectiveness of alternative sanctions."  *Emcasco Ins. Co. v. Sambrick*, 834

F.2d 71, 73 (3d Cir. 1987).  While the United States Court of Appeals for the Third Circuit

generally favors judgment on the merits, "the decision to vacate a default judgment is left to the

sound discretion of the trial court."  *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir.

1988).

### IV.    DISCUSSION

In its Motion, defendant argues that vacatur is proper under Rule 60(b)(1) because the

default and default judgment were the result of Mr. Weiss's "honest error."  Mot. to Vacate ¶ 20.

Defendant also argues that Dr. Nikparvar acted with "[d]ue [d]iligence" in obtaining counsel,

and that the entry of default and default judgment were "faulty . . . since [the Court] did not

know of Dr. Nik's successful efforts in hiring new counsel before the Court's final deadline of

February 23, 2016."  Mot. to Vacate ¶¶ 18, 23; Mem. Supp. Mot. to Vacate 2.  Plaintiff responds

---

[3] By Order dated December 29, 2016, the Court ordered plaintiff to respond by January 19, 2017.

that vacatur is improper because none of the *Emcasco* factors favor vacating the default judgment.  The Court will address each of the *Emcasco* factors in turn.

### A.  Prejudice

A plaintiff will suffer prejudice from setting aside a default judgment where "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment" has occurred.  *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 657 (3d Cir. 1982). "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding."  *Id.* at 656-57.

Defendant offers no argument with respect to this factor.  Plaintiff argues that she would suffer prejudice because, since the entry of default on March 2, 2016, the parties and witnesses have not "had any reason to preserve any of the records or other evidence of Plaintiff's employment with Defendant" and "memories fade."  Plff. Mem. 13.  Plaintiff also argues that defendant's prior refusal to participate in the discovery process has resulted in witnesses "forget[ting] critical facts."  Plff. Mem. 13 (citing Mem. Supp. Mot. of Counsel for Def. ¶ 7).

While the passage of time may result in the loss of some evidence, plaintiff provides no evidence and the record does not support finding that any such loss has occurred.  Thus, the Court concludes that this factor weighs in favor of vacating the default judgment.

### B.  Meritorious Defense

"A meritorious defense . . . is a defense which, if established at trial, would completely bar plaintiffs' recovery."  *Foy v. Dicks*, 146 F.R.D. 113, 116 (E.D. Pa. Feb. 3, 1993) (citation and quotation marks omitted).  To proffer a meritorious defense, a party seeking to set aside default judgment must do more than offer "simple denials or conclusionary statements."  *United States*

*v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  Rather, the defaulting party

must allege facts that, "if established at trial, would constitute a complete defense."  *Id.*

Defendant makes no argument with respect to this factor in its Motion.  Plaintiff argues

that defendant's Answer lacks any factual allegations that could constitute a meritorious defense.

Plff. Mem. 8.  The Answer consists primarily of denials of the facts alleged in the Complaint

and, by affirmative defenses, failure to state a claim, with one relevant exception—the defendant

alleges that plaintiff "was not terminated" or fired but that she "failed to return to work."

Answer ¶¶ 50, 55, 58, 66.

To determine whether these allegations, if proven at trial, would completely bar recovery,

the Court examines the claims made in the Complaint.  The Complaint alleged four counts: (1)

racial discrimination and hostile work environment under 42 U.S.C. § 1981; (2) retaliation under

42 U.S.C. § 1981; (3) wrongful termination under the Pennsylvania Whistleblower Act, and (4)

wrongful termination under Pennsylvania common law.  To establish a *prima facie* case of

employment discrimination for retaliation under 42 U.S.C. § 1981 for retaliation, the plaintiff

must prove that he or she was subject to a materially adverse action.  *Burlington N. & Santa Fe*

*Ry. v. White,* 548 U.S. 53, 64 (2006).  Claims that plaintiff was wrongfully terminated under the

Pennsylvania Whistleblower Act and Pennsylvania common law require that the plaintiff prove

she was terminated.  A hostile work environment claim under 42 U.S.C. § 1981 may be made

with or without proving an adverse tangible employment action.  *Burlington Indus., Inc. v.*

*Ellerth*, 524 U.S. 742, 760, 765 (1998) (recognizing potential employer liability and

corresponding affirmative defense for harassment claim with no tangible employment action).

For each of her four claims, plaintiff alleged that she was fired or terminated by defendant.[4] Compl. ¶¶ 50, 55, 58, 65, 69.  Thus, the allegations of the Answer that plaintiff was not terminated or fired and instead failed to return to work could constitute a complete defense by negating plaintiff's *prima facie* case for at least three of plaintiff's claims.

The Court notes that the allegations of the Answer lack specificity with respect to the circumstances of plaintiff's failure to return to work.  However, considering the Third Circuit's preference for deciding a case on the merits, the Court reads the Answer liberally.  *See Feliciano*, 691 F.2d at 656 ("Rule 60(b) should be 'given liberal construction . . . . Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.").  Thus, although the Court concludes this factor weighs in favor of vacating the default judgment, it gives this factor limited weight due to the lack of specificity of defendant's allegations.

### C.  Culpable Conduct

Culpable conduct by the defendant "is the willfulness or bad faith of a non-responding defendant."  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984) (citation and quotation marks omitted).  Willfulness and bad faith include "knowing disregard for court-mandated procedures."  *Id.* at 1183.

Defendant contends that the default resulted from errors made by Mr. Weiss, including forgetting that Dr. Nikparvar paid him $2,000 and requesting an extension of time to file an Answer rather than entering an appearance.  Mot. to Vacate ¶¶ 20-21.  Defendant argues that Dr. Nikparvar complied with the Orders of the Court to obtain counsel because he requested more time, informed the Court that "more than likely, he was going to hire Mr. Weiss once financial

---

[4] While not alleged in the Complaint, actions other than termination or firing may constitute an adverse tangible employment action.  *See Pa. State Police v. Suders*, 542 U.S. 129, 132 (2004).

arrangements had been agreed upon," and, in late January 2016, paid Mr. Weiss to represent defendant.  Mot. to Vacate ¶ 18.  Plaintiff argues that the default was the result of defendant's ongoing culpable conduct in ignoring the Orders of the Court.  Plff. Mem. 7.

The Court concludes that the entry of default and default judgment were the result of culpable, knowing conduct by defendant and its owner, Dr. Nikparvar.  Defendant and Dr. Nikparvar do not contend that it did not receive the Orders of the Court and do not argue that Dr. Nikparvar was unaware that defendant was unrepresented and required to obtain counsel.  Even if Dr. Nikparvar paid Mr. Weiss before February 23, 2016, the Order required that new counsel enter an appearance by that date.  Defendant and Dr. Nikparvar received notice that no appearance had been entered by that date, as copies of the Order dated February 3, 2015, were sent to defendant and Dr. Nikparvar and stated that no appearance had been entered.  There is no evidence that Dr. Nikparvar took any action to address the retaining of counsel to represent defendant after receiving that notice.

With respect to defendant's argument that vacatur is warranted due to Mr. Weiss's mistake in requesting an extension rather than entering an appearance, Mr. Weiss informed the Court that he was unable to enter an appearance because he was not readmitted to practice before this Court.  Furthermore, Mr. Weiss's first communication with the Court was on April 4, 2016.  Even if Mr. Weiss had entered an appearance instead of requesting an extension of time to file an answer, the deadline by which to obtain representation and for counsel to enter an appearance had lapsed by over a month at that time.

Defendant continued to ignore the Orders of the Court and notice of the subsequent court proceedings over a period of seven months, including notice of the entry of default, notice of an extension of time to respond to plaintiff's Motion for Default Judgment, notice of the entry of

default judgment, and notice of the damages hearing. Defendant failed to comply with the Order dated July 28, 2016, to have a representative appear at the damages hearing. Defendant has provided no explanation for this knowing failure to comply with the Orders of the Court and to address Mr. Weiss's failure to enter an appearance until after default judgment had been entered, despite receiving repeated notices, beginning on February 3, 2016, that no appearance had been entered on behalf of defendant and that the case was proceeding to entry of default and default judgment. This conduct does not constitute mistake or inadvertence; it constitutes willfulness and bad faith. The Court thus concludes that this factor weighs strongly against vacating the default judgment.

### D. Effectiveness of Alternative Sanctions

The Court concludes that alternative sanctions would not be effective in this case. Since February 3, 2016, defendant has consistently failed to comply with and disregarded the Orders of the Court. *See Hritz*, 732 F.2d at 1184 (remanding for articulation of findings of prejudice and culpable conduct but noting that "we do not believe it is an abuse of discretion for a trial judge to enter a default judgment to sanction a party who has callously disregarded repeated notices of a judicial proceeding"). Defendant ignored the Orders of the Court despite being repeatedly advised of the consequences, including the entry of a default, preclusion from arguing the merits of the case, default judgment, and monetary damages. The threat of default and monetary damages were insufficient to motivate defendant to comply with the Orders of the Court. Thus, the Court concludes that other procedural sanctions or monetary sanctions would be ineffective in addressing defendant's conduct in this case.

11

## V.      CONCLUSION

While the Court concludes that *Emcasco*'s first two factors, prejudice to plaintiff and a meritorious defense, weigh slightly in favor of vacating the default judgment, the last two factors weigh strongly against vacating the default judgment.  In particular, the Court gives considerable weight to the culpable conduct of defendant leading to the default and default judgment and the ineffectiveness of alternative sanctions in addressing defendant's conduct.  *See Scottsdale Ins. Co. v. Littlepage*, Civ. Action No. 92-2734, 1993 WL 275162, at *5-6 (E.D. Pa. July 16, 1993) (denying motion to vacate default judgment where culpable conduct and ineffectiveness of other sanctions weighed against vacatur, despite *prima facie* meritorious defense and lack of prejudice).  Accordingly, the Court declines to set aside the default judgment under Federal Rules of Civil Procedure 60(b).

For the foregoing reasons, defendant's Motion to Vacate Default of March 2, 2016 As Well As Final Amended Default Judgment of September 2, 2016 Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure is denied.  An appropriate order follows.