IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAFISAH WILLIAMS,<br>　　　　　　Plaintiff, | CIVIL ACTION |
| v. | |
| ADVANCED URGENT CARE,<br>　　　　　　Defendant. | NO.  14-6347 |

DuBois, J.                                                                                           April 10, 2017

**M E M O R A N D U M**

## I.    INTRODUCTION

This is an employment discrimination case.  Plaintiff Nafisah Williams alleged that her former employer, defendant Advanced Urgent Care of City Line LLC, violated 42 U.S.C. § 1981 and Pennsylvania state law when it discriminated against her based on her race and retaliated against her for her opposition to the discrimination.  Pursuant to the Order dated February 29, 2016, the Clerk of Court entered a default against defendant for failure to retain counsel.  By Memorandum and Order dated August 25, 2016, the Court entered default judgment in favor of plaintiff and against defendant in the amount of $107,904 in back pay, compensatory damages, and punitive damages.  By Memorandum and Order dated February 9, 2017, the Court denied defendant's Motion to Vacate on the grounds that defendant's culpable conduct led to the default and default judgment and alternative sanctions would be ineffective.

Presently before the Court are two documents filed by Dr. Mehdi Nikparvar, defendant's owner, entitled "Defendant Pro SE emergency Motion for reconsideration of the order dated February 9 2017" [sic] ("Dr. Nikparvar's Motion for Reconsideration") (Document No. 70, filed Mar. 2, 2017) and "Defendant and DR Mehdi Nikparvar response to plaintiff request dated

March 3, 2017" [sic] ("Dr. Nikparvar's Reply") (Document No. 74, filed Mar. 6, 2017). Dr. Nikparvar is not a party to this action in his individual capacity.

The questions raised at this juncture by these two documents are whether Dr. Nikparvar may intervene in this action as of right and whether he may move for reconsideration of the Court's Order dated February 9, 2017. For the reasons discussed below, the Court denies the motion to intervene as of right contained in Dr. Nikparvar's Reply and denies Dr. Nikparvar's Motion for Reconsideration.

## II.    PROCEDURAL HISTORY

The facts of this case have been previously set forth in the Memorandum and Order dated August 25, 2016, and the Memorandum and Order dated February 9, 2017. The Court repeats only those facts necessary to resolve the issues presently before the Court.

Plaintiff filed her Complaint on November 5, 2014. Defendant's then-counsel, Arsen Kashkashian, filed an Answer on December 31, 2014. Mr. Kashkashian moved to withdraw as counsel on September 9, 2015, citing Dr. Nikparvar's "fail[ure] to cooperate in the discovery process" and defendant's discharge of Mr. Kaskkashian as counsel. Mot. of Counsel for Def. (Document No. 17); Mem. Supp. Mot. of Counsel for Def. ¶¶ 7-13. The Court held a hearing on the Motion to Withdraw on November 13, 2015, and granted the Motion by Order issued on that date. Dr. Nikparvar attended the hearing, and he was informed by the Court that:

> The Motion for Leave to Withdraw sets forth valid grounds for withdrawing as counsel. So absent a change of position, and it would have to be the doctor's [Nikparvar's] change of position, that Motion will be granted. That leaves Advanced Urgent Care without an attorney. As a corporation, it cannot be represented by someone who is not an attorney, so the doctor will have to retain counsel.

Nov. 13, 2015, Hr'g Tr., at 4:19–25. The Court further stated that:

> I'm going to grant Mr. Kashkashian's Motion for Leave to Withdraw and give you [Dr. Nikparvar] 30 days to retain counsel and provide that the attorney must

enter his appearance within the 30-day period. And if you need more time, you'll write to me. You can't just ignore this.

Nov. 13, 2015, Hr'g Tr., at 8:11-16.

The Order dated November 13, 2015, required defendant to obtain new counsel within thirty days and provided that defendant could request an extension of time by writing to the Court. A copy of that Order was mailed to defendant.[1] Although Dr. Nikparvar is not a party to this action in his individual capacity, a copy of that Order was also mailed to Dr. Nikparvar as a courtesy.[2]

By Order dated December 11, 2015, the Court granted Dr. Nikparvar's request for a 45 day extension of the time—to January 25, 2016—by which to retain new counsel. Notwithstanding the extension of time, no appearance was entered on behalf of defendant, and neither Dr. Nikparvar nor any other representative of defendant requested an extension of time by which to retain new counsel. Nevertheless, by Order dated February 3, 2016, the Court *sua sponte* extended the deadline for new counsel to enter an appearance for defendant to February 23, 2016. Copies of that Order were served on defendant and Dr. Nikparvar.

Dr. Nikparvar failed to arrange for an entry of appearance for defendant in accordance with the Order dated February 3, 2016. As a consequence, by Order dated February 29, 2016, the Court ordered the Clerk of Court to enter a default against defendant for failure to retain counsel. This was done on March 2, 2016. Copies of that Order were mailed to defendant and Dr. Nikparvar.

---

[1] Copies of all orders issued were served on defendant by mail to 5058 City Avenue, Philadelphia, Pennsylvania, 19131. This address was included in defendant's Answer. Answer ¶ 9. No other address for defendant has been provided to the Court.
[2] Copies of all orders issued were served on defendant by mail to 5058 City Avenue, Philadelphia, Pennsylvania, 19131. No other address for Dr. Nikparvar was provided to the Court until Dr. Nikparvar filed the documents currently at issue on March 2 and 6, 2017.

Plaintiff filed a Motion for Default Judgment on March 30, 2016. By letter dated April 4, 2016, William J. Weiss, Esq., stated that he had been asked to represent defendant and requested an extension of time to file an answer to the Complaint. By letter dated April 5, 2016, the Court denied Mr. Weiss's request and informed him that a default had been entered and a Motion for Default Judgment had been filed. Mr. Weiss did not enter an appearance on behalf of defendant.

On April 8, 2016, Donald Moser, Esq., entered an appearance on behalf of defendant. By Order dated May 4, 2016, the Court extended the deadline for defendant to respond to the Motion for Default Judgment to May 18, 2016. By Order dated June 16, 2016, the Court again extended the deadline for defendant to respond to the Motion for Default Judgment, this time to June 30, 2016, because the United States Postal Service could not confirm that the Order dated May 4, 2016, had been served on defendant and Dr. Nikparvar. Copies of the Order dated June 16, 2016, the Order dated May 4, 2016, and the letters between Mr. Weiss and the Court from early April were served on defendant, Dr. Nikparvar, Mr. Weiss, and Mr. Moser. Defendant never filed a response to the Motion for Default Judgment.

By Order dated July 28, 2016, the Court granted plaintiff's Motion for Default Judgment and scheduled a hearing to assess damages for August 9, 2016. That Order directed all counsel and a representative of defendant to appear at the hearing and was served on defendant, Dr. Nikparvar, and all counsel.

On August 9, 2016, the Court held the hearing to assess damages. Neither Dr. Nikparvar nor any other representative of defendant appeared at the hearing. Mr. Weiss and Mr. Moser both appeared. Mr. Weiss informed the Court that he was unable to enter an appearance in this matter because he had been suspended from practice and had not been reinstated to the bar of this Court. Aug. 9, 2016, Hr'g Tr., at 3:20-23; 4:20-5:4. Mr. Moser informed the Court that he

had entered his appearance in order to "pinch hit" for Mr. Weiss, with the hope that "by the time th[e] case came up, [Mr. Weiss] could have a hearing before fellow members of the bench and be readmitted." Aug. 9, 2016, Hr'g Tr. at 3:23-4:1. Mr. Moser informed the Court that he had no contact with defendant, Dr. Nikparvar had not responded to letters asking him to contact Mr. Moser and Mr. Weiss, and defendant had not paid any legal fees to Mr. Weiss or Mr. Moser. Aug. 9, 2016, Hr'g Tr. at 4:3-11. Mr. Moser also advised the Court that he wanted to withdraw his appearance. Aug. 9, 2016, Hr'g Tr. 5:9-22, 6:23-7:3. In response, at the hearing and by Order dated August 9, 2016, the Court directed Mr. Moser to file a motion for leave to withdraw and serve that motion on defendant. Aug. 9, 2016, Hr'g Tr. at 7:5–14. That Order was served on defendant and Dr. Nikparvar. Mr. Moser never filed a motion for leave to withdraw.

By Memorandum and Order dated August 25, 2016, the Court entered judgment in favor of plaintiff and against defendant Advanced Urgent Care in the total amount of $107,904, comprised of back pay in the amount of $7,904, compensatory damages in the amount of $50,000, and punitive damages in the amount of $50,000. Copies of that Order were served on defendant and Dr. Nikparvar. By Order dated September 1, 2016, the Court granted plaintiff's Motion to Amend Judgment to correctly name defendant as Advanced Urgent Care of City Line LLC (Document No. 46, filed Aug. 31, 2016), vacated the August 25, 2016 Order, and entered Judgment against defendant Advanced Urgent Care of City Line LLC in the total amount of $107,904.

On December 28, 2016, defendant, through Mr. Moser, filed a Motion to Vacate Default of March 2, 2016 As Well As Final Amended Default Judgment of September 2, 2016 Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure (Document No. 54). By Memorandum and Order dated February 9, 2017, the Court denied defendant's Motion to Vacate on the

grounds that defendant's culpable conduct led to the default and default judgment and that alternative sanctions would be ineffective to address defendant's conduct.

On March 2, 2017, Dr. Nikparvar filed a Motion for Reconsideration, entitled "Defendant Pro SE emergency Motion for reconsideration of the order dated February 9 2017" [sic]. In a letter dated March 3, 2017, plaintiff's counsel responded to Dr. Nikparvar's motion by arguing that corporations, partnerships, associations, and other "artificial entities" must be represented by a licensed attorney, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202-03 (1993), and that Dr. Nikparvar's motion must be dismissed. Letter from Pl.'s Counsel (Document No. 72, filed Mar. 3, 2017).

In a letter dated March 4, 2017, Mr. Moser stated that "the motion for reconsideration should be considered by the court" because Dr. Nikparvar "presented new evidences [sic] which may change the opinion of the court to vacate default judgment in this case." Letter from Def.'s Counsel (Document No. 73, filed Mar. 6, 2017).

On March 6, 2017, Dr. Nikparvar filed a Reply, entitled "Defendant and DR Mehdi Nikparvar response to plaintiff request dated March 3, 2017" [sic]. In the Reply, Dr. Nikparvar asserts that "Attorney Donald Moser is the attorney representing Advanced Urgent Care" and that "Attorney Moser is suffering from a medical condition preventing him from preparing and filing such an emergency motion on time." Nikparvar Reply ¶¶ 3, 6. Dr. Nikparvar's Reply also states that Dr. Nikparvar "is the owner of Advanced Urgent Care and his interest will be impaired by such a default judgment." Nikparvar Reply ¶ 4. Dr. Nikparvar asserts that the Federal Rules of Civil Procedure "mandate the court to allow DR mehdi Nikparvar to intervene in this case as Pro Se petitioner" [sic], and quotes Federal Rule of Civil Procedure 24(a). *Id.* at ¶ 7. He presents no other argument with respect to intervention.

## III.    APPLICABLE LAW

Federal Rule of Civil Procedure 24(a) governs intervention as of right and provides that, "[o]n timely motion, the court must permit anyone to intervene who (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24 (a). A non-party may intervene under Rule 24(a)(2) only if four criteria are met: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366-67 (3d Cir. 1995).

## IV.    DISCUSSION

As an initial matter, the Court notes that Dr. Nikparvar has not filed a motion to intervene that complies with the requirements of Federal Rule of Civil Procedure 24(c). Rule 24(c) provides that "[a] motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). However, because Dr. Nikparvar filed his Motion for Reconsideration and Reply *pro se*, the Court will construe his quotation of Rule 24(a) and statement that, as owner, "his interest will be impaired" by the default judgment against defendant in his Reply, as a motion to intervene as of right under Rule 24(a)(2) for the purpose of moving for reconsideration of the Memorandum and Order dated February 9, 2017. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (reiterating

requirement to construe *pro se* pleadings liberally).  After consideration of Dr. Nikparvar's submissions, the Court concludes that Dr. Nikparvar is not entitled to intervene as a matter of right because he has failed to (1) identify a defense for which intervention is sought, (2) demonstrate that he has a sufficient interest in the litigation; and (3) demonstrate that defendant inadequately represents any such interest.

First, Dr. Nikparvar has failed to comply with Rule 24(c) because he has not filed a motion which states the grounds for intervention or a pleading that sets out a defense for which intervention is sought.  Significantly, Dr. Nikparvar does not identify what, if any, defense he seeks to raise as an intervenor in this case.

Second, Dr. Nikparvar does not satisfy the requirements for intervention as of right under Rule 24(a)(2) because he has failed to demonstrate a sufficient interest in this litigation.  "To justify intervention as of right, the applicant must have an interest, 'relating to the property or transaction which is the subject of the action' that is 'significantly protectable." *Kleissler v. United States Forest Serv.*, 157 F.3d 964, 969 (1996) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)).  As the United States Court of Appeals for the Third Circuit has stated, there is no "precise and authoritative definition of the interest that satisfies Rule 24(a)(2)." *Id.* In each case, "the facts assume overwhelming importance," and "pragmatism is a substantial factor that must be considered . . . ." *Id.* at 972.  However, "the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Id.*  An applicant for intervention must have "an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Id.*  The "interest must be direct, as opposed to contingent or remote." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987).

Dr. Nikparvar's sole argument in support of his right to intervene is that he is the owner of defendant Advanced Urgent Care of City Line LLC and that "his interest will be impaired" by the default judgment. Dr. Nikparvar does not assert that he has any interest in this litigation beyond that of his general interest in his company. Moreover, Dr. Nikparvar does not refer to any authority to support the argument that his general interest in his company is a sufficient interest under Rule 24(a)(2), and the Court has found none.

To the extent that Dr. Nikparvar assumes that his ownership of defendant constitutes a sufficient interest, the Court disagrees. Under Pennsylvania law, the general rule is that a "debt, obligation or other liability of a limited liability company is solely" that of the company. 15 Pa. C.S.A. § 8834. Thus, as a Pennsylvania limited liability company (Answer ¶ 9; Pl.'s Mot. to Amend Judgment, Ex. 1), defendant's liability is defendant's alone. Dr. Nikparvar's interest in this litigation is therefore entirely derivative of defendant's interest—i.e., the value of his company may be reduced to some degree if it is required to pay the judgment entered against it by Order dated August 25, 2016. However, Dr. Nikparvar has failed to provide any information with respect to the extent that Dr. Nikparvar's general interest in his company will be impaired by the judgment against defendant. The Court concludes that, on the present state of the record, Dr. Nikparvar's derivative interest is not an interest that "will be directly affected in a substantially concrete fashion," *Kleissler,* 157 F.3d at 972, and is insufficient to support a right to intervene under Rule 24(a)(2).

Finally, even if Dr. Nikparvar had demonstrated a sufficient interest in the litigation, he has failed to establish that defendant does not adequately represent his interest. "Representation will be considered inadequate on any of the following three grounds: (1) that although the applicant's interest are similar to those of a party, they diverge sufficiently to the applicant's

interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit." *Brody v. Spang*, 957 F.2d 1108, 1122-23 (3d Cir. 1992) (citation omitted). The Third Circuit has noted that "[t]he most important factor in determining the adequacy of representation is how the interest of the absentee compares with the interest of the present parties. . . . If his interest is identical to that of one of the present parties, . . . then a compelling showing should be required to demonstrate why this representation is not adequate." *Mountain Top*, 72 F.3d at 368-69.

As stated above, Dr. Nikparvar's interest is derivative of and thus identical to that of defendant. His sole purpose for intervention is to argue for reconsideration of the default judgment against defendant. However, defendant, through Mr. Moser, has already filed a motion for reconsideration which was denied. Dr. Nikparvar has not made a "compelling showing" that defendant's representation of his interest is inadequate at this stage of the case. To the extent it can be argued that defendant inadequately represented his interest at earlier stages of the case, this inadequacy is attributable to Dr. Nikparvar's failure to timely retain counsel. Furthermore, the practical effect of intervention by Dr. Nikparvar weighs strongly against intervention. Dr. Nikparvar seeks to intervene in order to do what he legally cannot do—represent his company's interest in this Court. Intervention by Dr. Nikparvar, for the sole purpose of arguing a motion for reconsideration on behalf of defendant, will result in "an end run" around the requirement that corporations must be represented by a licensed attorney. *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

In *High Country Broadcasting*, the United States Court of Appeals for the Ninth Circuit concluded that the applicant, the defendant corporation's president and sole shareholder, was not entitled to intervene, despite finding that the corporation's failure to retain permanent counsel

"call[ed] into question" the defendant's ability to represent the applicant's interest. *Id.* The

Ninth Circuit reasoned that the sole shareholder "was singularly to blame" for the corporation's

failure to retain counsel, and that "[t]o allow a sole shareholder with interests identical to the

corporation's to intervene under such circumstances, rather than hire corporate counsel, would

eviscerate" the requirement that corporation's be represented by counsel. *Id.*

The Ninth Circuit's reasoning applies equally well in this case. Dr. Nikparvar has not

identified any interest independent from his company's interest that he seeks to defend, and

moves to intervene in order for the Court to consider the motion for reconsideration he filed on

behalf of defendant. The entry of default and default judgment were the result of Dr.

Nikparvar's failure to timely retain counsel for the defendant and his refusal to participate in

litigation of this case from December 2015 until after default judgment was entered against

Advanced Urgent Care of City Line LLC on September 1, 2016. Dr. Nikparvar may not use

intervention as a means to circumvent the requirement that defendant must be represented by a

licensed attorney who has been admitted to practice before this Court, *Rowland v. Cal. Men's

Colony*, 506 U.S. at 202-03, and he may not use intervention to reopen doors that have closed as

a result of his conduct in the case.

## V.     CONCLUSION

Because Dr. Nikparvar has not identified a defense for which intervention is sought, and

has not demonstrated a sufficient interest in the litigation or that, excepting only inadequate

representation resulting from Dr. Nikparvar's failure to retain counsel for defendant, defendant's

representation of any such interest is inadequate, the Court denies the motion for intervention

under Rule 24(a)(2) contained in Dr. Nikparvar's Reply. Furthermore, because Dr. Nikparvar

may not represent defendant in this Court, Dr. Nikparvar's Motion for Reconsideration, filed as

"Defendant Pro SE emergency Motion for reconsideration of the Order date February 9 2017," is

likewise denied.  An appropriate order follows.